UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROMAN SHMOUKLER,
a/k/a Roman Michael Malich,

                Movant,

        -against-

UNITED STATES OF AMERICA,

              Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/08

08 Civ. 3777 (LAK)
(04 Crim. 0415 (LAK))

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Movant was convicted on his plea of guilty of making a false statement in a passport application in violation of 18 U.S.C. § 1542 and sentenced principally to a term of imprisonment of 3 months to be followed by a term of supervised release of 3 years. The judgment of conviction was entered on November 18, 2005. No appeal was taken, so the judgment became final for purposes of 28 U.S.C. § 2255 on December 5, 2005, assuming the exclusion of Saturdays, Sundays and the legal holiday of Thanksgiving from the calculation. Movant now challenges his conviction by a motion, filed March 6, 2008,[1] pursuant to 28 U.S.C. § 2255. The Court is obliged to give the motion preliminary consideration pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

       The motion was filed at least two years after the date on which the judgment became final and thus appears to be untimely under 28 U.S.C. § 2255.

       Movant contends that the motion is timely. He argues that the one year limitations period should be equitably tolled because his delay was caused by the "gross inadequacy of the legal libraries at the correctional institutions he had been committed to, as well as by his numerous transfers between several different prisons across the United States." Motion ¶ 14. But movant's

---

[1]    As the motion has been filed *pro se* and movant is incarcerated, the Court assumes that he is entitled to the benefit of the mail-box rule and thus assumes for timeliness purposes that the motion is deemed filed on the date that it bears, which is March 6, 2008, rather than the date it was filed by the District Court, which was April 22, 2008.

assertions are insufficient to suggest that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam); *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). Conclusory assertions such as those offered by movant are insufficient to justify equitable tolling. *See, e.g., Mendez v. Artuz*, No. 99 Civ. 2472 (DLC), 2000 WL 991336, at *2-3 (S.D.N.Y. July 18, 2000). Furthermore, movant's assertions do not explain the entire period he seeks to toll.

Relying upon Section 2255(f)(4), he claims also that the one year period of limitation did not begin to run until the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. It therefore is necessary to consider the specific claims alleged to evaluate the timeliness of the motion as well as to perform the Court's substantive task under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Movant attacks his conviction on two principal grounds. First, he contends that his guilty plea was involuntary because (1) the court failed to advise him of his right to a trial to the court, as opposed to a jury, and of his right to present evidence in his defense other than witnesses (Motion ¶ 17), and (2) his counsel was constitutionally inadequate because he understated the likelihood that movant would be deported or removed in consequence of this conviction (*id.* ¶ 18). Second, he argues that he was deprived of the effective assistance of counsel because his attorney (1) understated the risk of deportation or removal, and (2) failed to object to two alleged errors in the presentence report (the "PSR"). *Id.* ¶ 20.

*The Claims Relating to the Allocution*

Movant claims that he would not have pled guilty had he been advised of his right to a non-jury trial or of his right to present non-testimonial evidence.

As Fed. R. Crim. P. 23(a) makes clear, however, movant did not have a right to a bench trial. A bench trial, had he sought one, could have proceeded only with the government's consent and the court's approval. The Court was under no obligation to advise movant of the possibility of a bench trial. The absence of such a warning was not a flaw in the allocution.

Magistrate Judge Peck, who took the plea, advised the movant that he would have the right to "call witnesses; and if they didn't want to show up, the court would subpoena them to make sure they showed up." Tr., June 15, 2004, at 6:25-7:2. Fed. R. Crim. P. 11(b)(1)(E) requires only that a defendant be advised of the right "to testify and present evidence," not of a specific right to present non-testimonial evidence. Hence, the Court sees no failure to comply with Rule 11 on the basis that the movant was not advised specifically of a right to present non-testimonial evidence. In any case, a departure from Rule 11 affords no basis for attacking the plea absent prejudice to substantial rights. Fed. R. Crim. P. 11(h). The Second Circuit has held that a Rule 11 error is harmless, and the guilty plea need not be vacated, if "the misinformation in all likelihood would not

have affected a defendant's decision-making calculus." *United States v. Harrington*, 354 F.3d 178, 184 (2d Cir. 2004) (citing *United States v. Westcott*, 159 F.3d 107, 112 (2d Cir. 1998)). In this case, there is nothing other than movant's unsubstantiated and unsworn assertion that he would not have entered the plea had he been informed that he had the right to present non-testimonial evidence. That assertion is so illogical and senseless that it may be rejected out of hand, particularly given the nature of this case, in which movant was charged with making a false statement in a passport application.

Accordingly, insofar as the motion seeks relief on the ground that the allocution was flawed, it is denied on the merits.

*The Claim Relating to the Presentence Report*

Movant claims that counsel performed inadequately at sentencing because he failed to object either to the PSR statement that movant was undomiciled or to its attribution to movant of a social security number that, he claims, in fact is not his. Motion ¶ 20. The first of these failures, movant contends, resulted in his being designated by the Bureau of Prisons to a correctional center in the Fifth Circuit, which in turn resulted in his being transferred to an immigration detention center in the Fifth Circuit, which was prejudicial, he argues, because the case law with respect to aliens in removal proceedings is less favorable in that Circuit than elsewhere. *Id.* There is no allegation as to how movant was prejudiced by the failure to object to the social security number in the PSR.

Assuming *arguendo* that these allegations were sufficient to establish ineffective assistance of counsel under *Strickland*'s first prong, the allegations are insufficient under the second.[2] Movant has made no suggestion as to any respect in which he has been prejudiced by counsel's failure to object to the social security number in the PSR. And while movant has spun out a "for want of a nail, the kingdom was lost" theory of prejudice with respect to the alleged error with respect to domicile, it rests on the premises that, absent the statement in the PSR that movant was undomiciled, both the Bureau of Prisons and the immigration authorities would have designated movant to facilities in a Circuit, the immigration precedents of which would have been more favorable to movant and that this would have resulted in a different outcome of his removal proceeding. This speculation does not meet the *Strickland* standard.

Accordingly, insofar as the motion seeks relief based on counsel's performance during sentencing, it is denied on the merits.

---

[2]
> Movant's additional claims that counsel was ineffective for not advising him of the theoretical possibilities of a plea to a lesser offense, a deferred prosecution agreement, or seeking treatment under the Federal First Offender Program. Movant has failed to allege facts sufficient to warrant a conclusion that the outcome probably would have been different had counsel so advised him.

4

*The Remaining Ineffective Assistance Claim*

Movant's contention that his counsel understated the risk of deportation or removal occasioned by a conviction stands somewhat differently.

Movant pled guilty to, among other charges, mail fraud in another case, *United States v. Malich*, 05 Crim. 0430 (BSJ), on April 21, 2006. At that time, he claims, his counsel, who represented him also in this case, stated that he did not "know what's going to happen to him whenever he's released from prison, because I don't know if he's going to be deported or not" and further stated that the "possibility [of deportation] is certainly looming . . . in the background." Motion ¶ 18. Movant asserts also that his counsel on several occasions before and after the plea in this case "incorrectly advised . . . that there were no certainties regarding the consequences of his plea, asserting that it was difficulty to anticipate precisely how the D.H.S. would proceed in his case and also that there were no guarantees regarding his immigration status going forward." *Id.* All of this, movant contends, was wrong because "deportation is for all practical purposes automatic in cases such as his" and that it was certain that he would be detained immediately upon completion of his sentence and removed from the United States. *Id.*

Assuming for the sake of argument that movant otherwise sufficiently alleges an ineffective assistance claim in this regard, the question would remain whether that claim would be timely.

The claim obviously is brought more than a year after the conviction became final. And while movant seeks to rely on Section 2255(f)(4), he does not allege facts that, if proved, would demonstrate that he would not have been aware of the claim earlier had he acted with reasonable diligence. His principal attempt in that direction – the allegation that he did not and could not have become aware of facts essential to the claim until June 6, 2007 when the Department of Homeland Security submitted transcripts of his criminal case hearings in the removal proceedings (Motion ¶ 13) – is conclusory because there is no connection drawn between the introduction of the transcripts in the removal hearing and movant's realization that he had been misled as to the probability of removal. In other words, movant knew all along – because both his counsel and Magistrate Judge Peck (*see* Tr., June 15, 2004, at 9:20-25) told him before he entered his plea – that the plea could have removal consequences. But there is no explanation of how, if at all, the introduction of the criminal case transcripts led movant to believe that the possibility was a near certainty, as he claims. Nor does he explain in any other way why, if indeed he is right in supposing that removal is a near certainty in light of his plea, he could not have learned that fact earlier had he exercised due diligence. Accordingly, the claim as presently pleaded is untimely.

*Conclusion*

For the foregoing reasons, the Court denies the motion. The denial as to the claims based on the allocution and relating to the PSR are on the merits. The denial of the claim of

ineffective assistance of counsel with respect to the advice concerning the possible deportation/removal consequences of the plea is without prejudice to the filing of an amended motion in which movant may seek to allege facts sufficient to support a conclusion that the claim is timely. Any amended motion shall be filed no later than May 31, 2008. Should movant amend, he would be well advised to allege also whatever additional facts he can allege to show that counsel's advice was incorrect, as the Court has not made a determination as to the sufficiency of the present allegations on this point.

SO ORDERED.

Dated:       May 2, 2008

Lewis A. Kaplan
United States District Judge

Copies mailed 5/2/08
Chambers of Judge Kaplan
LBD