UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROMAN SHMOUKLER,
a/k/a Roman Michael Malich,

                  Movant,

    -against-                                08 Civ. 3777 (LAK)
                                                        (04 Crim. 0415 (LAK))

UNITED STATES OF AMERICA,

                  Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                        **ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Movant was convicted on his plea of guilty of making a false statement in a passport application in violation of 18 U.S.C. § 1542 and sentenced principally to a term of imprisonment of 3 months to be followed by a term of supervised release of 3 years. The judgment of conviction was entered on November 18, 2005. No appeal was taken, so the judgment became final for purposes of 28 U.S.C. § 2255 on December 5, 2005, giving effect to the exclusion of Saturdays, Sundays and the legal holiday of Thanksgiving from the calculation.

        Movant challenged his conviction by a motion, filed March 6, 2008,[1] pursuant to 28 U.S.C. § 2255. On May 2, 2008, the Court denied the motion. The motion was denied, as to certain claims, as untimely without prejudice to the filing of an amended motion as to those claims. Order at 4-5. In his amended motion, which is now before the Court, movant challenges his conviction on the grounds that he was deprived of the effective assistance of counsel and his guilty plea was involuntary because his attorney understated the risk of deportation or removal. ¶¶ 14-18, 19-20.

        The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), established a one-year statute of limitations for Section 2255 motions. *See* 28 U.S.C. § 2255. The period begins to run from the latest of the dates on which: (1)

---

[1] The Court assumes that the movant is entitled to the benefit of the mail-box rule and thus assumes for timeliness purposes that the motion is deemed filed on the date that it bears, which is March 6, 2008.

the judgment of conviction becomes final; (2) an unlawful governmental action impeding the making of the motion is removed, (3) the right asserted was initially recognized by the Supreme Court, if the right has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) supporting facts could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Movant contends that he discovered the facts supporting the claim on June 6, 2007, when the Department of Homeland Security submitted evidence and a legal memorandum in his deportation proceedings, and that he could not have discovered them earlier through the use of due diligence. ¶¶ 13, 18. Alternatively, movant urges the Court to equitably toll the limitations period.

"The case law is clear that the one-year statute of limitations governing federal habeas corpus relief begins to run from the date on which the facts supporting the claim or claims presented could have been discovered 'through the exercise of due diligence . . . regardless of whether petitioner actually discovers the relevant facts at a later date.'" *Adams v. Greiner*, 272 F.Supp.2d 269, 273-74 (S.D.N.Y. 2003) (quoting *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Thus, the Court must determine when a duly or reasonably diligent person in movant's circumstances would have discovered the likely effect of a conviction on his immigration status. *Wims*, 225 F.3d at 190. In this case, movant has not alleged facts that, if proved, would demonstrate that he could not have been aware of the relevant facts earlier had he acted with reasonable diligence. His only attempt in this direction–the allegation that he does not have access to the controlling immigration case law–does not explain the entire period of non-discovery and is belied by other allegations.

Movant was aware in June 2004 at the latest that his guilty plea could have removal consequences. *See* Tr., June 15, 2004, at 9:20-25. He remained at liberty from then until April 21, 2005. ¶ 13. And he alleges no facts that explain why, with the exercise of due diligence, he could not have discovered the likely immigration effect of his conviction during this period. Thus, movant has not alleged that the date by which the relevant facts could have been discovered through the exercise of due diligence was later than the date on which the judgment of conviction became final–December 5, 2005. Moreover, even assuming that movant, with the exercise of due diligence, could not have discovered the relevant facts during this period, he has not explained the subsequent period of inaction.

Movant claims that he could not have discovered that "deportation is a near certainty" earlier because he did not have access to immigration case law. ¶ 18. But elsewhere he alleges that from June 15, 2006 through January 2, 2007, while detained at the Big Spring Correctional Center, he had access to a law library where "a majority of the legal materials available . . . concerned the immigration aspects of criminal convictions." ¶ 13. He does not allege that he could not have discovered the relevant facts during that six-month period with the exercise of due diligence. Accordingly, the motion is time barred absent an equitable toll of the limitations period.

Equitable tolling stops the running of the one-year statute of limitations. Movant argues that it is appropriate in this case. He claims that he did not have access to an adequate law

3

library for much of the period he seeks to toll. But movant admits that he had access to an adequate law library as of January 2, 2007. ¶ 13. Nonetheless, he did not file his motion until March 2008, over fourteen months later. The Court, in denying the previous motion, warned movant that his assertions were "insufficient to suggest that (1) 'extraordinary circumstances prevented him from filing his petition on time,' and (2) he 'acted with reasonable diligence throughout the period he seeks to toll.'" Order at 1-2. Movant's allegations remain insufficient. Despite the opportunity to file an amended motion, movant has offered no additional allegations that might justify tolling the statute of limitations in this case.

Accordingly, the amended motion (04 Crim. 415 docket item 15) is denied as time-barred and the proceeding is dismissed. As no substantial question is presented, a certificate of appealability is denied, and the Court certifies that any appeal would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:   September 5, 2008

_____
Lewis A. Kaplan
United States District Judge

Copies mailed 9/5/08
Chambers of Judge Kaplan
LBD